*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-BG-116

IN RE NICHOLAS G. KARAMBELAS

**2020 DDN 205**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 332619**

BEFORE: Easterly and Deahl, Associate Judges, and Nebeker, Senior Judge.

### O R D E R
(FILED—May 27, 2021)

On consideration of the certified order of the Court of Appeals of Maryland disbarring respondent from the practice of law in that jurisdiction; this court's March 12, 2021, order suspending respondent pending resolution of this matter and directing him to show cause why reciprocal discipline should not be imposed; respondent's motion for leave to late file his lodged response; the statement of Disciplinary Counsel; and respondent's motion for leave to late file his sur-reply; and it appearing that respondent failed to file his D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that respondent's motions are granted and the Clerk shall file the lodged response and sur-reply. It is

FURTHER ORDERED that Nicholas G. Karambelas is hereby disbarred from the practice of law in the District of Columbia. Respondent asks this court to consider anew the mitigation factors he presented to the state of Maryland and not impose reciprocal discipline; however, this court does not consider these factors de novo and respondent does not allege any defect that would rebut the presumption of reciprocal discipline. *See, e.g., In re Salo*, 48 A.3d 174 (D.C. 2012) (there is a rebuttable presumption that identical discipline will be imposed unless respondent shows by

clear and convincing evidence that one of the five exceptions applies); *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).


**PER CURIAM**